# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERESA GOOD,**

    **Petitioner,**

v.                                **CIVIL ACTION NO. 1:06CV9**
                                      **CRIMINAL NO. 1:04CR41**
                                          **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 17, 2006, pro se petitioner Teresa Good ("Good") filed a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On June 5, 2006, Good filed an amended motion to vacate. On September 6, 2007, United States Magistrate Judge John S. Kaull entered a Report and Recommendation ("R&R") recommending that Good's § 2255 motion be denied and dismissed from the Court's active docket because Good had knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction. On September 20, 2007, Good filed objections to the R&R, in which she contended that her waiver had not been given in a knowing, intelligent, and voluntary manner. Specifically, she stated that 1) her medications made her confused, 2) she did not understand what the plea agreement stated, 3) the government's witness incorrectly stated the drug weight, 4) she did not understand the possibility of a firearms enhancement, and 5) her counsel rendered ineffective assistance to her during her plea and sentencing hearings.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Upon <u>de novo</u> review the Court finds that Good's waiver of her right to collaterally attack her sentence was knowing, intelligent, and voluntary.[1] Paragraph 11 of the plea agreement explicitly states that "[t]he defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28 United States Code, Section 2255." Plea Agreement (Crim. Dkt. 66).

The record reflects that, at her plea hearing, Good admitted that her medication did not make her confused or drowsy. Although she only has an eighth grade education, she stated that she could read. She also confirmed that she did not have any problems with her hearing or eyesight that could affect her ability to understand the proceedings. Furthermore, she admitted that she had had adequate time to meet with counsel and discuss the plea agreement before she signed it. She did, however, indicate that she did not understand the entire agreement. Based on that, the Court explained the agreement at length, discussing it paragraph by paragraph, after which Good confirmed that she understood what had been stated.

---

[1] The Magistrate Judge's report and recommendation contains an excellent detailed summary of the proceedings. For the sake of brevity, the Court will only address those issues which are raised by Good's objections.

Also during the plea hearing, the Court explained to Good that she had agreed in her plea agreement that a fair estimate of her stipulated relevant conduct was between 150 and 500 grams. Good confirmed that she knew and understood that she had agreed to that drug weight. The Court also explained to her that the possibility existed that she could receive a firearms enhancement and she stated that she understood this exposure as well. Finally, Good stated that her counsel had represented her effectively and had not left anything undone that she believed should be done.

Based on this evidence, the Court **ADOPTS** the Report and Recommendation in its entirety, **DENIES** Good's § 2255 petition (dkt. nos. 1 & 3 in 1:06CV9 and dkt. nos. 129 and 132 in 1:04CR41) **ORDERS** the case **DISMISSED**, with prejudice, and directs the Clerk's office to **STRIKE** this case from the docket of this Court.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested and counsel of record.

Dated: October 22, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE